|  |  |
|---|---|
| JANE DOE, | No. 2:17-cv-01714-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| HARTFORD FIRE INSURANCE COMPANY EMPLOYEE INCOME PROTECTION PLAN, | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff sues her former employer for terminating her long-term disability benefits. Because the case involves personal medical information, plaintiff now requests leave to proceed under the fictitious "Jane Doe" name. Request, Sept. 5, 2017, ECF No. 6. As explained below, the case involves intensely personal medical details regarding the in-vitro conception of and gestational surrogacy of her son. The court therefore finds sufficient cause to GRANT plaintiff's request.

////
////
////
////

1

I.      BACKGROUND

In her complaint, plaintiff requested to proceed as "Jane Doe."  Compl., Aug. 17, 2017, ECF No. 1.  Finding no express justification for the request, the court ordered plaintiff to show cause.  Min. Order, Aug. 29, 2017, ECF No. 3.  Her timely response outlines the basis for her request.  Response, Sept. 5, 2017, ECF No. 4.  Plaintiff seeks anonymity because this case will publicize private medical details about the conception and gestation of her minor son. *Id.* at 1.  Plaintiff previously had a medically necessary hysterectomy, which she alleges obliged her and her husband to have their son through in-vitro fertilization and gestational surrogacy.  *Id.* These facts, though ostensibly irrelevant to her long-term disability benefits based on orthopedic and neurological conditions unrelated to infertility, are relevant here because defendants deny the hysterectomy drove plaintiff's conception decision.  *Id.*  This suit, therefore, will expose plaintiff's private medical records related to these intimate subjects.

II.     DISCUSSION

Courts assess requests to proceed anonymously using a three-factor balancing test. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  The test weighs plaintiff's need for anonymity against any prejudice such anonymity would pose to the defendant and to the public interest.  *Id.*

Anonymity is allowed when necessary "to preserve privacy in a matter of sensitive and highly personal nature." *Id*. (citation and quotation marks omitted).  Although the Ninth Circuit has yet to confront a factually analogous anonymity request, *Advanced Textile* cites several persuasive examples of the types of privacy concerns warranting anonymity.  *Id*. (citing *James v. Jacobson*, 6 F.3d 233, 241 (4th Cir. 1993) (holding district judge abused discretion in denying plaintiff's request to sue anonymously because case would reveal to "particularly vulnerable pre-adolescen[ts]" that their conception was by artificial insemination and that "James" was not their biological father); *Doe v. United Services Life Ins. Co.,* 123 F.R.D. 437 (S.D.N.Y. 1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as homosexual); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting plaintiff in abortion suit to use pseudonym based on pregnancy's personal nature));

2

*but see Doe v. Hallock*, 119 F.R.D. 640 (S.D. Miss. 1987) (anonymity not warranted in sexual discrimination and harassment suit against private parties where no privacy interest beyond personal embarrassment identified). The decision is committed to the trial court's sound discretion. *Advanced Textile*, 214 F.3d at 1069 (finding district court abused its discretion by denying anonymity request without considering nonresident foreign workers' vulnerability to retaliation should their identities be exposed).

The facts here warrant anonymity. Shielding plaintiff's identity will prevent unwarranted publication of details related to a woman's infertility and a minor child's conception and gestation. Anonymity will not prejudice defendants because they know plaintiff's identity. Tying plaintiff's identity to the facts of this case advances no compelling public interest. Rather, the public has a greater interest in this case proceeding to the merits; denying anonymity could drive plaintiff to abandon this case to protect her family's privacy, thus hindering the public interest. *See id.* at 1073 (noting this concern).

Based on the intensely private facts at issue here and the absence of a compelling interest in exposing plaintiff's identity, the court DISCHARGES its order to show cause and GRANTS plaintiff's request for leave to proceed anonymously.

IT IS SO ORDERED.

This resolves ECF Nos. 3, 6.

DATED: September 11, 2017.

_____
UNITED STATES DISTRICT JUDGE